UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| AARON W. JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:25-cv-00151-JPH-MJD |
| ) | |
| J. WADAS, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING EMERGENCY MOTION FOR INJUNCTIVE RELIEF
AND DIRECTING RESPONDENT TO SHOW CAUSE**

Aaron Jackson, who is currently incarcerated at the Federal Correctional Institution in Terre Haute, Indiana ("FCI Terre Haute"), has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkts. 1, 2. He has also filed an emergency motion for injunctive relief. Dkt. 9. For the reasons stated below, the emergency motion for injunctive relief, dkt. [9], is **denied**. The Court will, however, direct Respondent to respond to his petition promptly.

**I.
Background**

Mr. Jackson is currently serving a 60-month sentence of imprisonment imposed by the U.S. District Court for the Central District of Illinois in *United States v. Jackson,* No. 3:21-cr-30066-SLD-JEH, dkt. 99 (C.D. Ill.) ("Cr. Dkt."). According to the Bureau of Prisons ("BOP") website, his anticipated release date (with good-conduct time included) is October 29, 2025. *See* https://www.bop.gov/inmateloc/ (last visited Apr. 30, 2025). After his release

1

from imprisonment, he will serve a 2-year sentence of supervised release. Cr. Dkt. 99.

In his motion for injunctive relief, Mr. Jackson states that the BOP has approved him to be transferred to a residential reentry center ("RRC")—a form of prerelease custody—on July 11, 2025. Dkt. 9. He believes, however, that he should be released sooner. Specifically, he contends that the BOP has failed to award him certain time credits to which he is entitled under the First Step Act of 2018 ("FSA"). Dkts. 1, 2. By his calculations, if those credits were awarded, he would be eligible for immediate release to an RRC. Thus, he asks for emergency injunctive relief. Dkt. 9.

## II.
## Discussion

At issue in Mr. Jackson's habeas petition are certain time credits available under the FSA. Under that statute, inmates convicted of certain offenses may earn up to 15 days of credit per month toward their sentences by completing programming and other productive activities. *See* 18 U.S.C. § 3632(d)(4)(A). When an eligible inmate earns FSA time credits, they may be applied to early transfer to supervised release or prerelease custody (such as an RRC). 18 U.S.C. § 3624(g). The first 12 months of such credits may be applied to early transfer to supervised release. 18 U.S.C. § 3624(g)(3). When the credits are applied to early transfer to supervised release, the inmate's sentence of imprisonment is effectively shortened.

The statute provides that an inmate may not earn FSA time credits for programming completed prior to the enactment of the FSA or "during official

2

detention prior to the date that the prisoner's sentence commences under section 3585(a)." 18 U.S.C. § 3632(d)(4)(B). Section 3585(a), in turn, provides that a "sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Mr. Jackson contends that, read together, § 3632(d)(4)(B) and § 3583(a) mean that he started earning FSA credits when held in detention at a county jail after he was sentenced but was awaiting transport to a BOP facility—that is, August 4, 2023. Dkts 1, 2, 9.

The BOP, however, has calculated his FSA credits starting on the day he arrived at a BOP facility—February 23, 2024. Dkts. 1, 2. The BOP cites to Program Statement 5410.01 to support that position. Dkt. 1-1 at 9. The Program Statement provides, "An inmate cannot earn [FSA time credits] when not in Bureau custody, including when in U.S. Marshals Service custody prior to arriving at their designated facility, regardless of where they are housed . . . ." *See* Program Statement 5410.01 CN-2, First Step Act of 2018—Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4), Section 6 (eff. Mar. 10, 2023), available at https://www.bop.gov/inmates/fsa/policies.jsp. That portion of the Program Statement is based on 28 C.F.R. § 523.42(a), which provides that an eligible inmate begins earning FSA time credits "after the inmate's term of imprisonment commences (the date the inmates arrives or voluntarily surrenders at the designated Bureau facility where the sentence will

3

be served)." Mr. Jackson argues, citing several district court cases, that the Program Statement (and, by extension § 523.42) are invalid because they contradict the plain text of the FSA. Dkts. 1, 2.

If Mr. Jackson is correct about when he should have started earning FSA time credits, then he may be entitled to more time credits than he is currently receiving. By his calculation, the difference in calculation method means that he is being deprived of 70 days of FSA credits, which, if applied, would allow him to shorten his term of imprisonment by 70 days. Dkt. 9. In his motion for emergency injunctive relief, he appears to reason that shortening his sentence by 70 days should also move up his RRC date by 70 days. *Id.* And, because his RRC date is now about 70 days away, he needs emergency relief to prevent him from losing the benefit of all his FSA credits. *Id.* Specifically, he asks the Court to enter an injunction in his favor within 10 days of the filing of his motion. *Id.*

Under Federal Rule of Civil Procedure 65, the Court may enter temporary or preliminary injunctive relief while the merits of a case are litigated. Mr. Jackson is not, however, seeking temporary or preliminary injunctive relief. That is, he is not asking the Court to order the BOP to give him more days of FSA credits with the understanding that they might be taken back if the Court ultimately resolves this case against him. He simply wants the Court to order the BOP to give him the time credits permanently, which is effectively the relief he would get if he prevailed on the merits of his habeas petition. That is, Mr.

4

Jackson's motion is really a motion for emergency consideration of his habeas petition.

Without taking a position on whether Mr. Jackson's legal arguments are correct, the Court understands that Mr. Jackson wants the Court to resolve his habeas petition as quickly as possible because he believes that he is (or will soon be) confined to prison when he should be at an RRC. But the Court has multiple habeas petitions pending from other inmates who are in the exact same situation—they contend that the BOP has miscalculated their FSA time credits and, as a result, they are being held in prison too long. The Court cannot justify expediting Mr. Jackson's petition so that it is considered before those petitions. Moreover, the Court cannot simply rule on his petition without a response from Respondent. Again, the Court appreciates that Mr. Jackson has cited several district court cases in support of his position, but it does not appear that either this Court or the Seventh Circuit has addressed the issue presented by his petition, and the Court needs briefing from both sides to resolve it. Accordingly, the emergency motion for injunctive relief, dkt. [9], is **denied**. The Court will order Respondent to answer Mr. Jackson's habeas petition promptly and will rule on it in due course. Given the timeline set forth in Mr. Jackson's petition, however, the Court does not anticipate extending Respondent's answer deadline absent extraordinary circumstances.

### III.
### Conclusion and Order to Show Cause

The Court, having considered the above action and the matters which are pending, makes the following rulings:

1. Mr. Jackson's emergency motion for injunctive relief, dkt. [9], is **denied**.

2. The United States is **notified** of the filing of the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This material has been scanned into the Court's electronic docket. A copy of this Order to Show Cause shall be **distributed to** the United States Attorney.

3. Respondent shall have **until May 30, 2025,** in which to answer the allegations of the habeas petition, and in doing so shall **show cause** why the relief sought by Mr. Jackson should not be granted. Mr. Jackson shall have **twenty-eight days after service of the answer** in which to reply.

4. The Court does not anticipate extensions of Respondent's answer deadline absent extraordinary circumstances.

**SO ORDERED.**

Date: 5/1/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

AARON W. JACKSON
75830-509
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Office of the United States Attorney by Electronic Service